UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 5:06CR22-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEREMIAH LAMAR TEAGUE, | ) | |
| | ) | |

**THIS MATTER** is before the Court on the following filings: Defendant's Response in Opposition to the Government's Notice of Intention to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851 [Doc. # 285]; the Government's Notice of Intention to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851 [Doc. # 30]; and the Government's Supplemental Addendum to the Government's Notice of Intention to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851 [Doc. # 289].

Defendant objects to the Government's intention to seek enhanced penalties against him due to his February 4, 1998 conviction in Wilkes County Superior Court for felony possession with intent to sell and deliver cocaine. Defendant contends that the Government is relying on a conviction that was a misdemeanor conviction and that the conviction may not be used for penalty enhancements under 21 U.S.C. § 851. (Def.'s Resp. pp. 3-4). Defendant seeks evidence from the Government that Defendant was in fact convicted of a felony in Wilkes County Superior Court. (*Id*. pp. 4-5). In response to Defendant's contention, the Government filed a Supplemental Addendum to its Notice of Intention to Seek Enhanced Penalties, attaching a copy of the computer print-out of the record of the judgment against the Defendant in Defendant's 1998 Wilkes County Superior Court case. (Govt's Supp. Add., Att. #1).

1

In addition to Defendant's request for evidence from the Government regarding Defendant's 1998 conviction, Defendant requests that this Court hold a hearing on the matter. (Def's Resp. p. 5). The Government's filing of a copy of the 1998 print-out provides adequate proof of the conviction. However, to the extent that Defendant has any further objections to the Government's intention to seek enhanced penalties against the Defendant, they may be raised and addressed at Defendant's sentencing hearing. Thus, Defendant's request for a separate hearing in order for the Government to prove Defendant's 1998 Wilkes Count Superior Court conviction is <u>denied</u>.

Defendant has also requested that this Court appoint an independent fingerprint examiner to conduct an analysis of the fingerprints taken in connection with Defendant's 1998 conviction in order to compare them to the fingerprints taken from Defendant in this case. Defendant has not demonstrated any need for such an appointment, and such appointment would be an unnecessary strain on the Court's limited resources. Defendant's request is therefore <u>denied</u>.

**IT IS, THEREFORE, ORDERED** that Defendant's request for a hearing in order for the Government to prove Defendant's 1998 Wilkes Count Superior Court conviction is <u>denied</u>.

**IT IS FURTHER ORDERED** that Defendant's request for an independent fingerprint examiner is <u>denied</u>.

**IT IS FURTHER ORDERED** that any further matters with regard to the Government's intention to seek enhanced penalties against Defendant will be reserved pending Defendant's sentencing hearing.

Signed: January 11, 2007

Richard L. Voorhees
United States District Judge