UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-145-RLV
(5:06-cr-22-RLV-CH-4)

JEREMIAH LAMAR TEAGUE,            )
                                  )
            Petitioner,            )
                                  )
                                  )            **ORDER**
    vs.                            )
                                  )
UNITED STATES OF AMERICA,          )
                                  )
            Respondent.            )
_____ )

**THIS MATTER** is before the Court on Petitioner's motion seeking relief under 28 U.S.C. § 2255 on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011),[1] and on the Government's Motion to Dismiss, (Doc. No. 8).

I.   **BACKGROUND**

Petitioner Jeremiah Lamar Teague was indicted by the Grand Jury for the Western District of North Carolina on April 26, 2006, and charged in Count One with conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1),

---

[1] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, where the Fourth Circuit had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 406 F.3d 242, 246 (4th Cir. 2005). Moreover, the Fourth Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

1

and in Counts Eight through Ten with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Criminal Case No. 5:06cr22, Doc. No. 3: Sealed Indictment). On May 8, 2006, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner and the Court that the Government intended to rely on Petitioner's prior drug trafficking conviction, obtained on February 4, 1998, for felony possession with intent to sell and deliver cocaine under North Carolina law, for purposes of sentencing. (Id., Doc. No. 30: § 851 Information). Petitioner entered a straight-up plea of guilty to these offenses on June 25, 2007, with this Court, Magistrate Judge David Keesler, presiding, conducting a plea hearing and colloquy pursuant to Federal Rule of Criminal Procedure 11. See (Id., Doc. No. 400: Acceptance and Entry of Guilty Plea).

The Probation Office subsequently prepared a Presentence Report ("PSR")[2] in preparation for Petitioner's sentencing hearing, and based on a drug quantity of 1.7 kilograms of crack, the probation officer calculated a base offense level of 36. (Id., PSR at 12). The probation officer recommended a three-level reduction for acceptance of responsibility, yielding a total offense level of 33. (Id. at 13). Based on a total offense level of 33 and a criminal history category of VI, the probation officer calculated a preliminary applicable Sentencing Guidelines range of imprisonment of between 235 and 293 months. (Id. at 26). However, because Petitioner also faced a statutory mandatory minimum term of 240 months' imprisonment, the applicable Guidelines term was increased to 240 to 293 months, pursuant to U.S.S.G. § 5G1.1(c). (Id.).

This Court conducted Petitioner's sentencing hearing on March 3, 2008. (Id., Doc. No. 697: Sentencing Hearing Tr.). After hearing from both counsel and from Petitioner concerning the sentence that should be imposed, the Court sentenced Petitioner to 288 months in prison,

---

[2] The PSR is not attached as part of Petitioner's criminal docket.

towards the top of the applicable Guidelines range, with ten years supervised release. (Id. at 17). The Court entered its judgment on March 10, 2008. (Id., Doc. No. 652: Judgment). Petitioner appealed, arguing (1) that this Court failed adequately to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), effectively treating the advisory Guidelines as mandatory; and (2) that the Court imposed a sentence that was greater than necessary to achieve the sentencing objectives set forth in § 3553(a), particularly in light of the crack:powder sentencing disparity. The Fourth Circuit affirmed this Court's judgment, holding that Petitioner's sentence was procedurally and substantively reasonable. United States v. Teague, 391 F. App'x 250 (4th Cir. 2010). The Fourth Circuit issued its mandate on October 5, 2010. (Criminal Case No. 5:06cr22, Doc. No. 911: Mandate).

On October 13, 2011, Petitioner filed the instant, timely motion to correct, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence is unlawful because the felony offense supporting the Petitioner's enhanced sentence is no longer properly considered a predicate "felony" offense under Simmons. On April 3, 2012, the Government filed the pending motion to dismiss.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255 Proceedings. After having considered the record in this matter, the Court finds that this matter

can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In support of the motion to dismiss, the Government concedes that Petitioner's state court conviction was not a "felony" for purposes of 21 U.S.C. § 841(b), because he could not have received a sentence of more than one year in prison under North Carolina's Structured Sentencing Act. See (Doc. No. 8 at 4-5). The Government contends, however, that Petitioner's Simmons claim is procedurally defaulted because Petitioner did not raise a Simmons claim on direct appeal, and Petitioner has not shown cause or prejudice, or that he is actually innocent of the prior conviction that was used to enhance his sentence.[3] Finally, the Government contends that although a challenge to the adequacy of Petitioner's prior conviction would have failed at the time he was sentenced on March 3, 2008, over three years before Simmons was decided, futility does not establish cause when an argument may have appeared futile because a particular claim was unacceptable to a particular court at a particular time. See id. at 281-82.

Here, the Court finds that, regardless of whether Petitioner's Simmons claim is procedurally barred, his Simmons claim is nevertheless subject to dismissal because this Court sentenced Petitioner to 288 months in prison, well above the 240-month mandatory minimum

---

[3] As to actual innocence, where a petitioner argues that his sentence was improperly enhanced because he is "actually innocent" of the mis-applied sentence enhancement, his claim fails unless he can show that he is actually innocent of the prior conviction that was used to support the enhancement. See United States v. Pettiford, 612 F.3d 270, 283-84 (4th Cir. 2010) (stating that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). It is not enough to show that the prior conviction does not qualify as an adequate predicate conviction for purposes of the enhancement. Id. The Government contends that, to show actual innocence, Petitioner would have to show that he did not commit the North Carolina drug-trafficking offense for which he was convicted in 2003, a showing he has not made or suggested that he could make.

4

that Petitioner challenges. Petitioner, therefore, cannot show that, in the absence of that mandatory minimum, he would have received a lower sentence. In sentencing Petitioner, this Court made clear that the 288-month sentence was warranted by consideration of the § 3553(a) sentencing factors. See (Criminal Case No. 5:06cr22, Doc. No. 697 at 18). Because the 240-month mandatory minimum did not determine or otherwise affect this Court's application of those factors, Petitioner's claim fails on its merits, even if it is not procedurally barred. The Court notes, additionally, that Petitioner is not entitled to Simmons relief because he received a sentence that was within the statutory maximum sentence allowed. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition and grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**, and the Government's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 16, 2013

*Richard L. Voorhees* (signature)

Richard L. Voorhees
United States District Judge